### KERR v. HOYLE et al.

(Circuit Court, E. D. Pennsylvania. April 24, 1893.)

No. 74.

1. PATENTS FOR INVENTIONS—ANTICIPATION.
    Letters patent No. 353,790, issued December 7, 1886, to David B. Kerr, were for a "woven fabric," the object of which is the production "in a woven fabric of a variety of shades of color in the pattern or figure, by a new way of interweaving the warp and weft threads, avoiding the expense of extra colors in the warp and weft threads," by "the combination of two warps of the same color with two or more colored weft threads; the warp threads being so arranged in loom harness as to work in pairs, with a binder warp thread between the two figuring warp threads of each pair." *Held* not to have been anticipated by certain fabrics made some years before the date of the patent.

2. SAME—VALIDITY—RESULT OF ACCIDENT.
    The patent is not invalid as covering merely the result of an accident. but is sustainable as showing patentable invention.

In Equity. Bill by David B. Kerr, as administrator, etc., against Hoyle, Harrison & Kaye, for the infringement of letters patent. Decree for complainant.

John Dolman, for complainant.
George J. Harding, for respondents.

BUTLER, District Judge. The plaintiff charges infringement of patent No. 353,790, issued to David B. Kerr, December 7, 1886, for a "woven fabric." The specifications state the object of the invention to be the production "in a woven fabric of a variety of shades of color in the pattern or figure, by a new way of interweaving the warp and weft threads, avoiding the expense of extra colors in the warp and weft threads." The invention is stated to "consist in the combination of two warps of the same color, with two or more colored weft threads; the warp threads being so arranged in loom harness as to work in pairs, with a binder warp thread in the center of each pair." The claim is stated as follows:

"The combination of two or more wefts each of a different color, with figuring warp threads, and a binder warp thread between the two figuring warp threads of each pair, as shown and described, and for the purpose specified."

The effect of this arrangement of threads in the loom, and the described method of working them, is to produce a peculiar fabric, which is acknowledged to be new in the art, if not anticipated by either of the three specimens of old fabric produced by the defendants. The defenses set up are, first, anticipation; second, an implied license; third, "that the matter claimed was not the invention of Kerr, but the result of an accident." The second was not

urged on the argument, and I understand is abandoned. Infringement is not denied—if the patent is valid.

In support of the first ground of defense three specimens of fabric made several years before the date of the patent—two of them designated as Brooks Fabric Nos. 1 and 2, and the third as Stead & Miller's Fabric No. 1. A careful examination of these exhibits and comparison of them with the plaintiff's fabric, in the light of the expert testimony, has not satisfied me that they show the invention described and claimed in the patent. It may be admitted that the question is not entirely free of difficulty; but my judgment, after patient examination, is as stated. A discussion of the subject here, which must consist in a written comparison of the elements of the several fabrics, and an analysis of the conflicting testimony of the witnesses called, would be useless.

The conduct of the defendants respecting the patent is entitled to weight in considering the question of its validity. The patentee was in their employment, and they encouraged him in securing the invention, apparently that they might enjoy the monopoly thus afforded. After the patent issued they manufactured the fabric extensively for some years, paying a small royalty for the privilege. They were intelligent in the art, and of large experience; and yet they did not seem to doubt the validity of the patent until the patentee had left their employment, and the license had expired.

The third ground of defense—"that the fabric was not the result of invention, but of accident"—presents less difficulty. The clear weight of the evidence, as well as the admissions arising from the defendants' conduct, just adverted to, is in my judgment against it.

I do not find, therefore, anything in the proofs sufficient to repel the presumption of novelty and invention which attaches to the action of the patent office in granting the letters.

The bill is sustained, and a decree may be prepared accordingly.